## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.

                            **MEMORANDUM OF LAW & ORDER**
                            Criminal File No. 16-249 (MJD/LIB)

(2) CRAIG VERNARD BENTLEY,

      Defendant.

Deidre Y. Aanstad, Assistant United States Attorney, Counsel for Plaintiff.

Craig Hunter, Northland Law , Counsel for Defendant.

## I.    INTRODUCTION

This matter is before the Court on Defendant's Motion to Amend PSR.

[Docket No. 133]

## II.    BACKGROUND

On August 22, 2016, a Complaint was filed in the District of Minnesota

charging Defendant Craig Vernard Bentley and co-Defendants Gregory Vernell

Bentley and Vanessa Lynne Brown with Robbery, Assault with a Dangerous

Weapon, Assault Resulting in Serious Bodily Injury, and Discharge of a Firearm

during the Commission of a Crime of Violence, all occurring on or about August 14, 2016, against DCB and all in violation of 18 U.S.C. §§ 2, 113(a)(3), 113(a)(6), 924(c), 1151, 1152, 1153(a), and 2111.  [Docket No. 16]  A four-count Indictment was returned with the same charges against Defendant and his co-Defendants on September 21, 2016.  [Docket No. 25]

On February 16, 2017, a one-count Information was filed charging Defendant and co-Defendant Brown with Conspiracy to Distribute and Possess with Intent to Distribute Heroin, on August 14, 2016, in violation of 21 U.S.C. §§ 841(a)(1) and 846.  [Docket No. 78]  On February 22, 2017, Defendant pled guilty to Count 1 of the Information.  [Docket Nos. 83, 85]  In exchange, the Government moved to dismiss the Indictment against Defendant at sentencing. (Plea Agreement ¶ 1.)

A Presentence Investigation Report ("PSR") was prepared.  [Docket No. 92]  The original PSR recommended application of a 2-level enhancement under U.S.S.G. § 2D1.1(b)(2) for use of violence "[b]ecause on August 14, 2016, the defendant punched and participated in an assault against victim DCB in an attempt to obtain drug proceeds."  (PSR ¶ 25.)  In Defendant's sentencing position paper, he objected to the application of that 2-level enhancement and to

"all of the factual assertions in the presentence report in support of that enhancement."  ([Docket No. 94] Defendant's Position on Sentencing at 1-2.)

On June 26, 2017, the Court held a sentencing hearing.  [Docket No. 112] The Court sustained Defendant's objection to the 2-level enhancement under § 2D1.1(b)(2).  Defendant was sentenced to 120 months in prison.  The Statement of Reasons, filed June 27, 2017 [Docket No. 115] states that paragraphs 12 and 25 of the PSR (recounting that Defendant had assaulted DCB on August 14, 2016) were ordered deleted and that the 2-level enhancement under U.S.S.G. § 2D1.1(b)(2) be eliminated.  On July 5, 2017, a Revised PSR was filed that omitted paragraphs 12 and 25 from the original PSR and eliminated the 2-level enhancement under U.S.S.G. § 2D1.1(b)(2).  [Docket No. 123]

On April 16, 2019, Defendant filed the current Motion to Amend PSR. [Docket No. 133]  Defendant requests that, pursuant to Federal Rule of Criminal Procedure 36, the Court amend four additional paragraphs in the Revised PSR: Paragraphs 14, 15, 17, and 23.  He asserts that his participation in the Residential Drug Abuse Program ("RDAP") is inhibited by the inclusion of these paragraphs in the Revised PSR because the cited paragraphs have led to the Bureau of

Prisons assigning Defendant a higher security level based on the conclusion that

he was involved in an assault involving a weapon.

## III.    DISCUSSION

### A.    Standard

Federal Rule of Criminal Procedure 36 provides: "After giving any notice it

considers appropriate, the court may at any time correct a clerical error in a

judgment, order, or other part of the record, or correct an error in the record

arising from oversight or omission."

> Rule 36 authorizes a court to correct a clerical error in a judgment at
> any time.  Rule 36 does not authorize a district court to modify a
> sentence at any time.  An authorized correction, pursuant to Rule 36,
> may clarify a sentence, unclear in written form, that is clear when
> the record is examined as a whole.

United States v. Tramp, 30 F.3d 1035, 1037 (8th Cir. 1994) (citations and footnote

omitted).  Rule 36 specifically addresses clerical errors, or "mere scrivener's

mistake[s]." See United States v. Yakle, 463 F.3d 810, 811 (8th Cir. 2006) (denying

relief under Rule 36 because there was "no mere scrivener's mistake").

### B.    Analysis

Defendant request changes to Paragraphs 14, 15, 17, and 23 of the Revised

PSR.  He asserts that, in particular, the removal of one sentence in Paragraph 14

is "most crucial," but that the other requested changes are "reasonable."  (Motion

to Amend PSR at 3.)

### 1.    Paragraph 14

Paragraph 14 of the Revised PSI states:

> Between August 26, 2015, and August 14, 2016, **Craig Bentley** conspired with other persons charged and uncharged to possess with the intent to distribute 1 kilogram or more of a mixture containing a detectible amount of heroin.  He aided other members of the conspiracy by transferring heroin to another person or persons for distribution.  Additionally, **Craig Bentley** was present and participated in the August 14, 2016, assault of DCB.  **Craig Bentley** is deemed an average participant in the offense.

Defendant requests that the Court amend Paragraph 14 by removing the

following sentence: "Additionally, **Craig Bentley** was present and participated in

the August 14, 2016, assault of DCB."  The Government agrees that the term "and

participated in" should be eliminated from the foregoing sentence but argues

against eliminating reference to the fact that Defendant was present for the

assault.

The Court agrees that that the objected-to sentence should be deleted from

Paragraph 14 because its continued inclusion can be classified as a "mere

scrivener's mistake."  The Court intended to eliminate all references to

Defendant participating in the assault on DCB from the PSR, as demonstrated by

its Statement of Reasons and its ruling during the sentencing hearing.

### 2. Paragraph 15

Paragraph 15 of the Revised PSR states:

> On August 14, 2016, Gregory Bentley shot DCB, a known adult male and Native American, in the leg with a 9-millimeter Smith & Wesson pistol and within the exterior boundaries of the Red Lake Indian Reservation. Gregory Bentley was present and involved in the exchange of money for heroin between **Craig Bentley** and Vanessa Brown for purposes of heroin distribution. Gregory Bentley is deemed an average participant in the offense.

Defendant requests that the Court amend Paragraph 15 to insert a sentence

stating that Craig Bentley was not involved in the assault of DCB. He further

requests that the last two sentences of the Paragraph 15 be moved to a new

paragraph. The Government opposes Defendant's request.

The Court declines to amend Paragraph 15. Paragraph 15 relates to co-

Defendant Gregory Bentley's role in the offense. There is nothing inaccurate in

Paragraph 15, and Paragraph 15 does not state or imply that Defendant was

involved in the assault of DCB.

### 3. Paragraph 17

Paragraph 17 of the Revised PSR states:

Although the defendant was originally charged with Robbery and a victim was identified in that matter, **Craig Bentley** pled guilty to a Title 21 offense and there is no identifiable victim, in this offense of conviction, having incurred a loss.

Defendant requests that the Court add a sentence to Paragraph 17 stating that Defendant was determined to not have been involved in a robbery. He asserts that, as currently written, the paragraph implies that Defendant was involved in a crime of violence. The Government opposes Defendant's request.

The Court denies Defendant's request. Defendant was, in fact, initially charged by Indictment in conjunction with the August 14, 2016 assault. There is nothing misleading or incorrect in Paragraph 17.

### 4. Paragraph 23

Paragraph 23 of the Revised PSR states:

**Specific Offense Characteristics:** If a dangerous weapon is possessed in connection with this offense, a 2-level increase is applicable. USSG §2D1.1(b)(1). On August 14, 2016, the defendant was present as Gregory Bentley brandished a gun towards codefendant Vanessa Brown, and the defendant participated in questioning Vanessa Brown as to the location of money she owed the defendant for past drug trafficking debt. Additionally, the defendant was present and participated in actively seeking corroboration of Brown's claims that the drug proceeds were taken by victim DCB, and the defendant participated in the physical confrontation of DCB, which included Gregory Bentley's use of a firearm. However, the defendant denied knowledge of the gun during the questioning of Brown and prior to Gregory Bentley's use

of the firearm at the victim's home. Therefore, given that investigative materials provide inconsistent and contradictory accounts of when the firearm was initially observed by the defendant, it remains unclear whether the gun was reasonably foreseeable and part of the defendant's jointly undertaken criminal activity. USSG §1B1.3(a)(1)(B). **0**

Defendant requests that Paragraph 23 be removed in its entirety because it might create an inference that he used violence or that the specific offense characteristic under U.S.S.G. § 2D1.1(b)(1) did apply. The Government opposes Defendant's request.

The Court denies Defendant's request. Paragraph 23 adequately explains why Defendant was not assessed a 2-level increase for possession of a dangerous weapon in connection with a drug trafficking offense. There is no indication from the sentencing hearing or Statement of Reasons that the Court intended to alter Paragraph 23.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant's Motion to Amend PSR [Docket No. 133] is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. Paragraph 14 of the Revised PSR shall be amended by removing the following sentence: "Additionally, **Craig Bentley** was present and participated in the August 14, 2016, assault of DCB."

2. The remainder of the Revised PSR shall remain unchanged.


Dated:   August 28, 2019                    s/ Michael J. Davis
                                             Michael J. Davis
                                             United States District Court