UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

        Plaintiff,

v.                         **MEMORANDUM OF LAW & ORDER**
                           Criminal File No. 16-249 (MJD/LIB)

(2) CRAIG VERNARD BENTLEY,

        Defendant.

Deidre Y. Aanstad, Assistant United States Attorney, Counsel for Plaintiff.

Brian N. Toder, Chestnut Cambronne PA, Counsel for Defendant.

## I. INTRODUCTION

This matter is before the Court on Defendant's Motion for Compassionate Release from Custody. [Docket No. 140]

## II. BACKGROUND

On February 22, 2017, Defendant Craig Vernard Bentley pled guilty to Count 1 of the Information, Conspiracy to Distribute and Possess with Intent to Distribute Heroin, in violation of 21 U.S.C. §§ 841(a)(1) and 846. On June 26, 2017, the Court sentenced Defendant to 120 months in prison.

### III.  DISCUSSION

Under the First Step Act, 18 U.S.C. § 3582(c)(1)(A), the Court may, upon a defendant's motion following exhaustion of administrative remedies or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, "reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that-- (i) extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."

The applicable policy statement with respect to motions to reduce sentence is set forth in U.S.S.G. § 1B1.13.  Pursuant to this policy statement, when deciding a motion for a sentence reduction under § 3582(c), the Court must determine whether extraordinary and compelling reasons exist to warrant such relief, whether the defendant is a danger to the safety of any other person or to the community, and whether a sentence reduction is consistent with the policy statement.  U.S.S.G. § 1B1.13.  This policy statement also defines "extraordinary and compelling reasons" due to medical condition of the defendant as follows:

    (ii) The defendant is—

        (I) suffering from a serious physical or medical condition,

        (II) suffering from a serious functional or cognitive impairment, or

        (III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

U.S.S.G. § 1B1.13, cmt. 1(A).

Defendant has exhausted administrative remedies. (Toder Decl., Ex. H.) Therefore, the Court addresses the merits of Defendant's request. The Court finds that Defendant has failed to show "extraordinary and compelling reasons" due to medical conditions to warrant relief. While Defendant's medical records indicate that Defendant has been diagnosed with Marfan syndrome, hypertension, hyperinflated lungs, PTSD, and nerve damage and irritable bowel syndrome caused by gunshot wounds, those records further indicate Defendant is receiving appropriate medical attention for those conditions. Defendant's medical condition in prison has been stable. While Defendant raises concerns regarding the COVID-19 risks to persons with COPD

or compromised heart function, there is no evidence that Defendant has been diagnosed with those medical issues.

Further, the BOP has in place protocols such as social distancing, hygienic and cleaning protocols and quarantining and treatment of inmates with symptoms of COVID-19 and those who come into contact with them.  At this time, the facility at which Defendant is housed, FPC Duluth, has 26 positive inmates and zero positive staff members.  There have been no inmate or staff deaths from COVID-19.  Twelve inmates and zero staff members have recovered from COVID-19.

Defendant has also failed to demonstrate that he is no longer a danger to the community.  Defendant was convicted of conspiracy to distribute a significant amount of heroin, focusing his distribution on the Red Lake Indian Reservation.  Given his role in this offense conduct, Defendant poses a danger to the community.  See United States v. Cantu, 935 F.2d 950, 952 (8th Cir. 1991) (recognizing that large scale drug trafficking is a serious danger to the community).

A sentence reduction in this case would also be contrary to the factors set forth in 18 U.S.C. § 3553(a).  A sentence reduction would not reflect the

seriousness of the offense of conviction, promote respect for the law, or provide a just punishment.  In addition, Defendant has only served approximately half of his 120-month sentence, therefore a sentence reduction would create unwarranted sentencing disparities among defendants and would not afford adequate deterrence for the offense committed.

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

Defendant's Motion for Compassionate Release from Custody [Docket No. 140] is **DENIED**.


Dated:   November 12, 2020             s/ Michael J. Davis
                                       Michael J. Davis
                                       United States District Court